**YOUNG, Estate of, In re.**

Probate Court, Butler County.

No. 28966.   Decided July 25, 1956.

J. Joseph Marr, Hamilton, administrator and attorney for himself.

C. William O'Neill, Atty. Genl., Columbus, by William G. Lavell, Asst. Atty. Genl., for the Division of Aid for the Aged.

(ZIEGEL, J., Probate Judge of Preble County, sitting by assignment.)

## OPINION

By ZIEGEL, J.

This case arises under the provisions of §2117.15 R. C., which provides that "if it appears at any time that the estate is insolvent, the executor or administrator may report that fact to the court and apply for any order that he deems necessary in connection therewith." The estate of the above named decedent is insolvent, and the administrator thereof seeks appropriate instructions.

The decedent during his lifetime was a recipient of aid for the aged. The claim of that Division of the Ohio Department of Public Welfare greatly exceeds the total assets of his estate, and is the principal reason for the insolvency of the estate.   Sec. 5105.13 R. C. provides, inter alia, that:

". . . . Such claim shall have priority over all unsecured claims, except a sum for the payment of the funeral and burial expenses of the person, which sum shall be computed by deducting from three hundred dollars whatever amount the division of aid for the aged has extended for the same purpose from the proceeds of other property or insurance which the recipient trusteed to the division, costs of administration, taxes . . . . costs of last illness . . . ."

Controversy exists between Brown, Dawson Funeral Home and the Division of Aid. The Funeral Home expended more than $300.00 in preparing the body for burial. In addition it advanced the sum of $109.57 for the acquisition of and the opening of a grave in a public cemetery. The Division of Aid for the Aged, represented by the Attorney General of Ohio, contends that under the statute the $300.00 is all inclusive. The Administrator submits that the phrase "funeral and burial expenses" does not cover the acquisition of a grave, and that therefore this expenditure should be considered a separate item for which the Funeral Home should be reimbursed in priority. His principal argument in support of this contention is based on §2117.25 (B) R. C., which gives a funeral director a priority to the extent of $350.00 "and such funeral expenses other than the bill of the funeral director as are approved by the Probate Court." Sec. 2117.25 (B) R. C., is a general statute covering the administration of estates generally. On the other hand, §5105.13 R. C., is a specific statute covering only the administration of estates in which a claim of the Division of Aid for the Aged is involved. It is well settled that "a special statute covering a particular subject-matter must be read as an exception to a statute covering the same and other subjects in general terms." State, ex rel. Stettler v. Zangerle, Auditor, 100 Oh St 414, 126 N. E. 413. Sec. 2117.25 (B) R. C. is, therefore, not applicable to the present situation.

Since it has been determined that §2117.25 (B) R. C., does not apply to this case, it makes no difference to the administrator's contention from a dollar and cents point of view whether the acquisition of a grave is included in the term "funeral and burial expenses" or not. If it is included, then the $300.00 covers everything the Funeral Home did. If it is not included, then the Funeral Home is entitled to priority of $300.00 for the preparation of the body for burial, and is a general creditor for the balance of its claim, including the acquisition of a grave. Since the claim of the Division of Aid for the Aged, which is a priority claim, exceeds the assets of this estate, there is nothing left with which to pay general creditors. The most the Funeral Home can receive from this estate is $300.00.

The assets of this insolvent estate should, therefore, be paid out as follows:

(a) Costs of administration, including:

| | |
|---|---|
| Costs of estate of James Young, Deceased | $49.58 |
| Costs of guardianship of James Young | 19.87 |
| Administrator and attorney compensation | 150.00 |

$219.45

(b) Expenses of last illness, as follows:

| | |
|---|---:|
| Dr. H. A. Long, Hamilton, Ohio | $ 10.00 |
| Dr. Erich W. Riggel, Hamilton, Ohio | 16.00 |
| Mercy Hospital, Hamilton, Ohio | 154.95 |
| | $180.95 |

(c) Funeral and burial expenses, Brown-Dawson Funeral Home  $300.00

(d) Balance of estate to the Division of Aid for the Aged, Department of Public Welfare, State of Ohio.