FULTZ, Admr.: Estate of, In re SINGER, Plaintiff, v. SINGER et, Defendants.

Probate Court, Meigs County.

No. 16779.   Decided April 3, 1958.

Webster & Fultz, Pomeroy, for plaintiff.
William Saxbe, Atty. Genl., Ben A. Swartz, Asst. Atty. Genl., for defendant, Division of Aid for the Aged.
Crow, Crow & Porter, Pomeroy, for defendant, Iva A. Singer.

## OPINION

By BACON, J.

Henry Guy Singer died intestate September 17, 1954. Iva A. Singer, his widow, commenced administration of his estate November 6, 1954. Not desiring to complete it, she resigned as administratrix July 7, 1956. Her action to take decedent's real estate at appraised value was dismissed December 1, 1956. Subsequently decedent's land was sold by plaintiff January 25, 1958 pursuant to court order in these proceedings. The question now arises as to proper distribution of the proceeds.

Commencing October 1940 and until his decease, Henry Guy Singer was a recipient of Aid for the Aged, receiving from the state treasury $7,507.89. He executed a certificate of lien under §1359-4 GC (now §5105.24 R. C.), filed June 18, 1952, recorded Vol. 77 page 358. Mortgage Records of Meigs County. His spouse, Iva A. Singer, joined in it.

The inventory of the estate was filed November 13, 1954 and approved December 6, 1954, the only asset listed being the real estate sold in these proceedings. There being no personal property the appraisers found $540.00 was needed to satisfy the widow's exemption under §2115.13 R. C. The appraisers further certified that $1,800.00 in cash would be necessary to provide for the widow's support for one year. There were no minor children of the decedent. The latter sum the appraisers allowed under §2117.20 R. C.

The defendant, Division of Aid for the Aged, contends that its claim for aid paid decedent takes priority over the widow's exemption from administration and the allowance by the appraisers for the widow's support for one year. This the Division claims under the provisions of §5105.24 R. C.

If another Section of the Aid for Aged law, §5105.13 R. C., which we

will discuss later, is ambiguous and uncertain according to the Supreme Court of Ohio, in the case of **Division of Aid for the Aged v. Hogan, Administrator**, 143 Oh St 186, 28 O. O. 109; then said §5105.24 R. C., is a monstrosity in the law comparable to Cerberus when he was fifty-headed, or perhaps more aptly to he, said to have released Zeus from his rawhide thongs tied in a hundred knots, the hundred-handed Briareus.

The Division avers that the pertinent provisions are to be found in the last paragraph of said §5105.24 **R. C.**

"The division may waive the priority of its lien to provide for the costs of the last illness as determined by the division, administration, attorney fees, administrator fees, a sum for the payment of the costs of burial, which shall be computed by deducting from three hundred dollars whatever amount is available for the same purpose from all other sources, and a similar sum for the spouse of the decedent."
maintaining that because the widow's exemption and her year's allowance are not enumerated therein the Division cannot waive to allow their payment in the administration of estates where it has a statutory claim under §5105.13 R. C., and a lien under §5105.24 **R. C.** The Division's interpretation carries with it the connotation that probate courts might be compelled to express its humble thanks to the Division in virtually these words: "Certainly white of you folks in the Division to waive your lien so we can pay probate court costs, attorney fees and administrator fees in. the administration of estates." Such an interpretation would be an intolerable invasion of the jurisdiction of probate courts in the administration of decedent's estates.

The only legal conclusion is that the priority which it is provided the Division may waive is established earlier in §5105.24 **R. C.**, in these words: "The lien shall take priority over any other lien subsequently acquired or recorded except tax liens." These being the only words defining priority of the Division's lien, how can later provisions for waiving such priority strengthen or enlarge it? This conclusion may emasculate the last paragraph so as to leave it meaningless, but it is opined no more meaningless than the legerdemain attempted, with mirrors yet, in attaching "as an incident of the lien" some sort of life estate or freehold in the recipients and their spouses, which in passing we could only interpret as a guarantee, rather than a life estate, that the Division would not and subsequent lienholders could not interfere with the use of the property by the recipient or his spouse during his or her lifetimes in their absence of doing some act that would constitute waiver or forfeiture of a life estate.

Unquestionably §5105.13 **R. C.**, is controlling upon the death of a person owning real or personal property, who himself or his spouse has received aid under §5105.01 to 5105.29, inclusive, **R. C.** No matter that the Division had a lien of record covering decedent's lands. The language of §5105.24 **R. C.**, the lien section, specifically provides:

"All real property subject to the lien of the division upon the death of the persons entitled to use or reside in the premises, or upon waiver of the life estate by the survivor, may be sold in foreclosure proceedings or in the administration of the owner's estate and the proceeds applied as provided by law."

In the instant case the land subject to the lien of the Division was sold in the administration of the owner's estate, and the words "and the proceeds applied as provided by law" can only mean that the provisions of §2127.38 R. C., must be observed sofar as they are applicable. Then §§2117.25 and 5105.13 R. C., must be reconciled.

Since §5105.13 R. C., provides that the Division's claim is subordinate to that of the surviving spouse for property exempt from administration and the year's allowance for the support of the widow and minor children, if any, it follows that the proceeds of the sale of lands of plaintiff's decedent must be applied in the following order:

(1) Costs and expenses of sale, including the fees heretofore fixed by the court for services of the administrator and attorney in connection with the land sale. Sec. 2127.38 R. C.

(2) Taxes, penalties and interest against the land. Sec. 2127.38 R. C.

(3) Other costs of administration of decedent's estate, including reasonable fees to the attorney handling the application, appointment, inventory, schedule of debts, account, etc. Sec. 2117.25 R. C.

(4) Bill of the funeral director, not to exceed $300.00. Sec. 5105.13 R. C.

(5) Widow's exemption from administration in sum of $540.00. Secs. 2115.13, 2117.25 and 5105.13 R. C.

(6) Allowance to the widow for her support for one year in the sum of $1,800.00. Secs. 2117.20, 2117.25 and 5105.13 R. C.

(7) Reimbursement to the Division of Aid for Aged, upon its preferred claim for aid paid decedent. Sec. 5105.13 R. C.

It is apparent that the proceeds of the sale are insufficient to leave anything for claimants subordinate to the Division of Aid for the Aged, and we need go no further.