In re Estate of Pfeiffer: Division of Aid for the Aged, Department of Public Welfare, Appellant, *v.* Pfeiffer, Admr., Appellee.

(No. 1101—Decided November 24, 1959.)

*Mr. Mark McElroy,* attorney general, and *Mr. John J. Connors, Jr.,* for appellant.
*Messrs. Moloney & Kelley,* for appellee.

Younger, P. J.   Carolyn E. Pfeiffer, a recipient from the Division of Aid for the Aged, Department of Public Welfare, state of Ohio, died testate on December 21, 1954.   Her estate consisted of two lots in the city of Marion and the improvements thereon, which she had encumbered to the Division of Aid for the Aged under Sections 5105.01 through 5105.29, Revised Code, by a certificate of lien dated September 7, 1951, and duly recorded.

Karl A. Pfeiffer was appointed administrator with the will annexed of the estate, and filed his first and final account with the Probate Court of Marion County on December 10, 1958, to which the Division of Aid for the Aged filed exceptions December 19, 1958.   The Probate Court overruled the exceptions and approved the account, and from this decision this matter is before this court on questions of law.

The account as filed claims credit for the payment of $180.03

to L. A. Axe & Son for funeral expenses and the repayment of $94.87 to each of two heirs-at-law and $34.87 to each of three heirs-at-law as reimbursement for money advanced by them for expenses of burial. This makes a total for the funeral director and expenses of burial of $474.38, or, as claimed by the division, an excess of $174.38 over the amount allowable for funeral expenses by Sections 5105.13 and 5105.24, Revised Code. Among the items for which reimbursement was made by the administrator to the heirs were the following items:

| | |
|---|---|
| Burial vault | $ 90.00 |
| Flowers purchased by undertaker for family | 20.60 |
| Grave | 45.00 |
| Mass | 10.00 |
| Ohio Sales Tax | 8.78 |
| Total | $174.38 |

It is the claim of the division that Section 5105.13, Revised Code, is controlling in this cause, the pertinent part of which provides as follows:

"Upon the death of a person the total amount of aid paid to said person * * * shall be a preferred claim against the estate of the deceased. Such claim shall have priority over all unsecured claims, except a sum for the payment of the funeral and burial expenses of the person, which sum shall be computed by deducting from three hundred dollars whatever amount the Division of Aid for the Aged has extended for the same purpose from the proceeds of other property or insurance which the recipient trusteed to the division * * *."

Section 5105.24, Revised Code, is also pertinent, and provides in part:

"The division may waive the priority of its lien to provide for the cost of the last illness as determined by the division, administration, attorney fees, administrator fees, a sum for the payment of the costs of burial, which shall be computed by deducting from three hundred dollars whatever amount is available for the same purpose from all other sources, and a similar sum for the spouse of the decedent."

It is the claim of the administrator that the Probate Court has the authority to allow additional funeral expenses under

the provisions of Section 2117.25 of the Revised Code, under subsection (B) thereof, which reads as follows:

"(B) Bill of funeral director not exceeding three hundred fifty dollars and such funeral expenses other than the bill of the funeral director as are approved by the Probate Court."

However, Section 2117.25, Revised Code, also provides as follows:

"* * * This section does not repeal or modify Section 5105.13 of the Revised Code."

In interpreting these sections of Revised Code, we are clearly of the opinion that Section 2117.25 (B) is a general statute covering estates generally, while Section 5105.13, Revised Code, is a specific statute covering only the administration of estates in which a claim of the Division of Aid for the Aged is involved, and since Section 5105.13, Revised Code, is a special statute covering a particular subject matter, it must be read as an exception to Section 2117.25 (B), being a statute covering the same and other subjects in general terms.

This is the general rule as held by the Supreme Court in the case of *State, ex rel. Steller,* v. *Zangerle, Aud.,* 100 Ohio St., 414, 126 N. E., 413, and, later, in *Eggers* v. *Moor,* 162 Ohio St., 521, at page 527, 124 N. E. (2d), 115.

This opinion is in accord with the holdings of the Probate Court of Butler County in the case of *In re Estate of Young,* 74 Ohio Law Abs., 129, 140 N. E. (2d), 792, and the Probate Court of Meigs County in the case of *Fultz, Admr.,* v. *Singer,* 78 Ohio Law Abs., 177, 149 N. E. (2d), 270, in both of which cases the total burial expenses were limited to three hundred dollars ($300). We approve these holdings.

For these reasons the overruling of the exceptions and the approval of the account by the Probate Court must be reversed and the cause remanded with instructions to sustain the exceptions of the division, and for such further proceedings as may be required by law.

*Judgment reversed.*

Guernsey and Middleton, JJ., concur.