DIVISION OF AID FOR THE AGED, DEPARTMENT OF PUBLIC WELFARE, APPELLANT, *v.* HUFF, EXRX., APPELLEE.

(No. 796—Decided March 15, 1960.)

484

*Mr. Mark McElroy*, attorney general, and *Mr. Norman F. Miller*, for appellant.

*Mr. Edgar T. Darcy* and *Mr. Charles A. Pike*, for appellee.

GRIFFITH, P. J. Morris Huff received aid payments in the entire amount of $1,397.25 from the Division of Aid for the Aged from November 1955 until his death on September 26, 1958. Sara Huff, Morris's first wife, received aid payments from November 1955 until her death on January 15, 1956, in the amount of $140.65.

Subsequent to Sara Huff's death, Morris remarried and, on November 29, 1956, Myrtle Huff, the second wife, along with Morris, signed a certificate of lien under the provisions of Section 5105.24, Revised Code. This lien was recorded in the records of Columbiana County on April 12, 1957, in volume 982, at page 228.

Morris Huff died on September 26, 1958, and his wife, Myrtle, was appointed executrix. The administration of the estate proceeded. The executrix filed a petition to sell the real estate; the Division of Aid for the Aged filed its answer and set up its claim in its cross-petition; and, on November 17, 1959, hearing was had on the schedule of debts and their priority in the Probate Court of Columbiana County.

On November 18, 1959, the court rendered its decision. The court ruled that the Division of Aid for the Aged did not have an all inclusive lien but that the statutory exemption of the surviving spouse and the widow's allowance were superior to the lien of the Division of Aid for the Aged. It is from this ruling of the Probate Court that this appeal is before us on questions of law.

The division contends that, by virtue of the express language of the certificate of lien, signed by Morris and Myrtle Huff, she waived credits to her on the exempt property and the widow's allowance, as set out in Sections 2117.25 and 2127.38, Revised Code, and that the division's lien is a mortgage and takes priority over any other lien subsequently acquired or recorded except tax liens, under the provisions of Section 5105.24, Revised Code.

The appellee, that is Myrtle Huff as executrix of the estate

of Morris Huff, urges that the saving clause in Section 5105.13, Revised Code, protects the surviving spouse; that this section controls and preserves her rights to an exemption and a year's allowance; that the lien does not have the attributes of a mortgage and cannot be construed as a mortgage; and that, under the strict construction of Section 5105.13, Revised Code, the judgment of the Probate Court must be affirmed.

We have only to consider whether Section 5105.13, Revised Code, controls the issue in this case or whether, by Section 5105.24, Revised Code, the widow has released her rights in the real estate described in the certificate of lien. The certificate of lien, in part, reads as follows:

"I Morris Huff, being a person in need and having made application for assistance to the Division of Aid for the Aged, Department of Public Welfare, State of Ohio, as provided in Revised Code 5105.01, *et seq.*; and

"I Myrtle Huff, spouse of the above named applicant, knowing him to be in need and being unable to support him, join in his application for assistance.

"Now therefore, (I) (We) hereby grant, convey, and release to the aforesaid Division of Aid for the Aged all those rights, liens and uses set forth in Revised Code 5105.01, *et seq.*, in the real estate described in this certificate."

This certificate is provided for by Section 5105.24, Revised Code, which is a special statute applying only to those who have received aid from the state. Section 5105.13, Revised Code, likewise is a special statute, but it is a preferred claim statute and preserves the widow's allowance and exemption as to preferred claims, whereas Section 5105.24, Revised Code, is a statute providing for a lien in favor of the division on real estate of the decedent for the security of the repayment to the state of money paid by the state to the recipient during his lifetime.

All persons are charged with notice of the lien and the rights of the division from and after the filing of the certificate, and the section provides that it is not only for all amounts of aid which have been paid but which thereafter may be paid, and it further provides that this lien shall take priority over any other lien subsequently acquired except tax liens.

Commendable as the trial court's attitude is towards the claims of the surviving spouse, and realizing that the purpose of the Old Age Pension Law (Sections 5105.01 to 5105.29, Revised Code) is not to pauperize its subjects but instead to give them aid, yet Section 5105.24, Revised Code, in plain, clear, unambiguous language, provides:

"The lien shall take priority over any other lien subsequently acquired or recorded except tax liens. As an incident of the lien the recipient and spouse, or either of them, shall take a life estate of the premises in all cases in which they could have conveyed, reserved, or received that right by deed at the time of application."

The division urges that this certificate is a mortgage on the land. A moment's reflection will show that there is no force to this contention. A mortgage is a lien for a debt and something more. It is a transfer of the title as security, to be void on payment. The certificate of lien is a mere lien on the property, wherein the division may obtain satisfaction of the payments made to the recipient by means of the property belonging to the recipient, and is in no wise a conveyance of the legal title.

Under the specific language of Section 5105.24, Revised Code, and the explicit wording of the certificate of lien, it follows that the division's lien is superior to the claim of the surviving spouse for property exempt from administration and year's allowance for the support of the widow.

These being the views of this court, the judgment of the Probate Court is hereby reversed and the cause remanded.

*Judgment reversed and cause remanded.*

PHILLIPS and DONAHUE, JJ., concur.

PHILLIPS, J., concurring. Morris Huff died on September 26, 1958, indebted to the Division of Aid for the Aged, Department of Welfare, state of Ohio, herein called the division, for $1,397.25 for money advanced to him during his lifetime.

Sara Huff, first wife of Morris, received aid payments from the division from November 1955 to her death on January 15, 1956, in the amount of $140.65.

Morris Huff remarried and, on November 29, 1956, he and his second wife, Myrtle, signed a certificate of lien under the provisions of Section 5105.24, Revised Code. This lien was recorded in the records of Columbiana County on April 12, 1957, in volume 982, at page 228.

Myrtle Huff, second wife of Morris, was appointed executrix of the estate of Morris Huff and filed a petition to sell real property. The division set up its answer and cross-petition. A hearing on the schedule of debts was had on November 17, 1959, and, on November 18, 1959, the court ruled that the division did not have an all inclusive lien, but that the statutory exemption of the surviving spouse and the widow's allowance was prior and paramount to the lien of the division under Section 5105.24 of the Revised Code. The court in making its ruling adopted the decision and reasoning in the case of *Fultz, Admr.,* v. *Singer,* 78 Ohio Law Abs., 177, 149 N. E. (2d), 270.

The division's appeal to this court on questions of law is predicated upon this ruling of the Probate Court.

The division contends that by the express language of the certificate of lien signed by Morris and Myrtle Huff, Myrtle Huff waived credits to her of the exempt property and the the widow's allowance; that, since Chapter 5105 and its sections are special statutes, its provisions, in this case, apply and prevail over the sections of Chapter 2117, which are general statutes; and that, even conceding that a general statute must be read in conjunction with the special statute, Section 5105.24, Revised Code, Section 2127.38, Revised Code, applies since the division's lien is a mortgage, and if it can't be called such then by the language used in such section the Legislature intended the division to enjoy the rights and benefits of a mortgagee.

The executrix admits that the language used in Section 5105.24, Revised Code, the lien section, and Sections 2117.25 and 5105.13, Revised Code, is at variance; but contends that Section 5105.13 is a saving statute intended to preserve the rights of the widow given under Section 2117.25, Revised Code, and that neither Morris Huff nor Myrtle Huff waived any more rights than any other surviving spouse signing a lien to the division; that Section 5105.13, Revised Code, controls and preserves the widow's rights to an exemption and year's allowance; and that

the division's certificate of lien is not a mortgage and cannot be construed as a mortgage entitling it to the rights and benefits of a mortgagee.

The executrix asks this court for a strict construction of Section 5105.13, Revised Code, in her favor; and the division asks this court to reverse the ruling of the Probate Court and protect its rights under Section 5105.24, Revised Code.

As stated by Griffith, P. J., in his opinion:

"Under the specific language of Section 5105.24, Revised Code, and the explicit wording of the certificate of lien, it follows that the division's lien is superior to the claim of the surviving spouse for property exempt from administration and year's allowance for the support of the widow."

. Further in discussing the provisions of Section 5105.24,. Revised Code, in the majority opinion, Griffith, P. J., says:

" '* * * Section 5105.24, Revised Code, in plain, clear, unambiguous language, provides:

" 'The lien shall take priority over any other lien subsequently acquired or recorded except tax liens. . As an incident of the lien the recipient and spouse, or either of them, shall take a life estate of the premises in all cases in which they could have conveyed, reserved, or received that right by deed at the time of application.'

"The division urges that this certificate is a mortgage on the land. A moment's reflection will show that there is no force to this contention. A mortgage is a lien for a debt and something more. It is a transfer of the title as security, to be void on payment. The certificate of lien is a mere lien on the property, wherein the division may obtain satisfaction of the payments made to the recipient by means of the property belonging to the recipient, and is in no wise a conveyance of the legal title."

It is to call attention to the strength of the quoted words of the majority opinion, and other words of the majority opinion strictly construing Section 5105.13, Revised Code, against the executrix, that these words of concurrence have been primarily deemed necessary.

I concur in the majority judgment that the judgment of the Probate Court must be reversed and the cause remanded.